UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. SINDONE,

                        Petitioner,                  Case No. 2:23-cv-12254
                                                    Hon. Linda V. Parker

v.

GARY MINIARD,

                        Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF
HABEAS CORPUS, (2) DENYING A CERTIFICATE OF
APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN
FORMA PAUPERIS**

Michigan prisoner Christopher L. Sindone filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted after a bench trial in the Wayne Circuit Court of second-degree arson, MICH. COMP. LAWS § 750.73(1), and preparation to burn a dwelling. MICH. COMP. LAWS § 750.79(1)(d)(vi). Petitioner was sentenced as a third-time habitual felony offender to 11 to 40 years for the arson conviction and a concurrent term of 5 to 10 years for the lesser offense.

Petitioner raises five claims in his petition: (1) the evidence presented at trial was the product of an illegal search, (2) insufficient evidence was presented at trial to prove that the structure involved in the fire was a dwelling, (3) Petitioner's

multiple sentences for the same conduct violated his right against double jeopardy, (4) the sentencing guidelines were incorrectly scored, and (5) Petitioner was denied the effective assistance of trial counsel.

The Court will deny the petition because the claims are without merit.  The Court will also deny a certificate of appealability and deny permission to appeal in forma pauperis.

I.

The charges against Petitioner arose from a fire at his estranged wife's mobile home in the early morning hours of December 24, 2016.

Evidence presented at Petitioner's bench trial indicated that Petitioner's mother called 9-1-1 because her son told her that he had set fire to her daughter-in-law's trailer.  (ECF No. 8-8, at 65.)  Firefighters responded to a trailer park in Woodhaven, Michigan, where they found a trailer emitting smoke.  Upon entry they discovered significant evidence of burning in the front bedroom.  (*Id.* 75-76, 101-102.)

Jennifer Sindone testified at trial that she had purchased the trailer about a month before the fire because she and Petitioner were in the process of getting a divorce.  (*Id.* at 11-12.)  Jennifer spent nights and ate meals at the trailer from the date she purchased it, and she moved some of her and her children's belongings into the trailer.  (*Id.* at 13, 35-36.)  The trailer did not have a working kitchen and needed

2

other repairs, but Jennifer had turned on the utilities and put the bills in her name. (*Id.* at 13, 14-15, 27-28.)  Jennifer testified that Petitioner made an unauthorized copy of the key to the trailer and refused to destroy it despite her demand.  (*Id.* at 40-41.)

Despite the pending divorce, Petitioner and Jennifer spent time together the day before the fire shopping for their children, and then later drinking together at their former marital home.  (*Id.* at 42, 124-125, 126.)  Petitioner also took pain medications and smoked marijuana.  (*Id.* at 125-28.)  After a few hours of drinking, the couple began arguing.  (*Id.* at 125.)  Petitioner announced that since their marriage was over, he would kill himself.  (*Id.* at 46.) Jennifer called 9-1-1, and police officers arrived and transported Petitioner to the hospital.  (*Id.* at 46, 124-125.)

After police took Petitioner away, Jennifer began receiving threatening text messages from him.  (*Id.* at 47-48.)  Petitioner was released from the hospital at about 3:00 a.m. on December 24, 2016.  (*Id.* at 56-57.)

Petitioner's mother, Laurie Stasa, testified that at about 8:00 a.m., Christmas Eve morning, she and her grandchildren were still sleeping at her house when Petitioner showed up and demanded that the kids go home with him.  (*Id.* at 60-62.) Petitioner told his mother that he was at Jennifer's trailer earlier that morning.  He said that he had lit a candle to "burn that place down so she won't [have] nowhere

to live." (*Id.* at 63-64, 72.)  Initially, Stasa did not believe him, so Petitioner repeated the claim.  (*Id.* at 64.)  Stasa drove to the mobile home and then called 9-1-1 when she saw evidence of a fire.  (*Id.* at 64-65.)  Stasa told the 9-1-1 operator that Petitioner said that he had gone to the trailer earlier that morning to burn it down.  *Id.*

Arson investigator Mike Clark testified that he investigated the scene of the fire after firefighters completed their work.  He could not determine the cause, but he ruled out the trailer's appliances, electrical hazards, or any other spontaneous combustion source.  (*Id.* at 104-06.)  Clark determined that the fire started at the head of an air mattress, which melted.  (*Id.* at 102-06.)  Clark opined that the whole trailer did not burn down because the windows and doors were closed, depriving the fire of oxygen.  (*Id.* at 107-08.)

Petitioner testified in his own defense.  He testified that when he was released from the hospital he first returned to the marital home, but Jennifer was not there. He then drove to the trailer to look for her, but it was empty.  (*Id.* at 130.)  He let himself inside with his unauthorized key.  (*Id.* at 129.)  Petitioner testified that he was tired from the long night and his consumed combination of medication, alcohol, and marijuana.  (*Id.* at 131.)  He explained that he lit candles to cover the smell of the marijuana, and he fell asleep on an air mattress in the bedroom.  *Id.*  A candle must have fallen and lit the mattress on fire because he was awakened when the

mattress burst.  (*Id.* at 132.)  Petitioner believed he patted out the flames with his hand, and that the fire was out when he left.  (*Id.* at 128-31.)

Based on this evidence, the trial court found Petitioner guilty of second-degree arson and preparation to burn a dwelling.  He was initially sentenced to 12-40 years for the arson conviction and a concurrent 5-10 years for the preparation to burn conviction.  (ECF No. 8-10, at 47.)

Petitioner filed a claim of appeal in the Michigan Court of Appeals.  His appellate counsel filed an appellate brief that raised the following claims:

> I. Did trial counsel provide constitutionally ineffective assistance of counsel when she: (A) failed to argue that the trailer was not a dwelling as required by MICH. COMP. LAWS § 750.73(1) and MICH. COMP. LAWS § 750.79(1)(d)(vi), and (B) failed to obtain and use an arson investigator who would have been able to gather evidence rebutting the prosecution's contention that [Defendant] set the fire, and other allegations?
>
> II. Where Defendant's convictions for both 2nd degree Arson, MICH. COMP. LAWS § 750.73(1) and Preparation to Burn, MICH. COMP. LAWS § 750.79(1)(d)(vi) violate double jeopardy provisions of the U.S. and State Constitutions, must one be vacated?
>
> III. Was the Woodhaven trailer not habitable and thus did not qualify as a dwelling pursuant to MICH. COMP. LAWS § 750.73(1) and MICH. COMP. LAWS § 750.79(1)(d)(vi), and must Defendant's convictions be vacated?
>
> IV. Must Defendant be resentenced where his guidelines were mis-scored and his trial counsel was ineffective, failing to object to the many errors in his presentence report, resulting in a sentence based on inaccurate information as well as an improper guidelines range?

Petitioner also filed a supplemental pro se brief that raised one additional claim:

> V. Was Defendant denied his right to a fair trial where evidence obtained in violation of both state and federal constitutions was entered, and counsel was ineffective for failing to object?

The Michigan Court of Appeals affirmed the convictions but remanded the case for resentencing. *People v. Sindone*, No. 340328, 2019 WL 1574747, at *1 (Mich. Ct. App. Apr. 11, 2019). The Michigan Supreme Court subsequently denied Petitioner's application by standard form order. *People v. Sindone*, 952 N.W.2d 491 (Mich. 2021) (Table).

The trial court resentenced Petitioner to 11 to 40 years for the arson conviction and a concurrent term of 5 to 10 years for the preparation to burn a dwelling conviction. (ECF No. 8-11 at 26.) Following a second state court appeal challenging his new sentence, Petitioner filed the present habeas petition.

## II.

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

III.

A.

Petitioner first claims that the evidence obtained during the search of the trailer was the product of an illegal warrantless search, and that his counsel was ineffective for failing to challenge the search prior to trial.[1] The Michigan Court of Appeals rejected the claim on the merits as follows:

---

[1] To the extent Petitioner is raising this claim directly under the Fourth Amendment, the claim is not cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465, 494-495 (1976). *See Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000); *Brown v. Berghuis*, 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009).

[D]efendant contends that defense counsel was ineffective because she failed to argue at trial that the police seized certain evidence in violation of his Fourth Amendment rights. Defense counsel was clearly aware of this potential argument because the trial court addressed Defendant's pro se motion before trial. Presumably, defense counsel made the strategic decision not to raise the issue at trial because Defendant did not have a possessory right to the trailer or to the items taken from it, and therefore, he did not have standing to challenge the constitutional validity of the search. *See People v. Zahn*, 234 Mich. App. 438, 446; 594 N.W.2d 120 (1999) (noting that an individual's rights against unreasonable search and seizures is personal and can only be invoked by the person whose protections were infringed by the search or seizure), citing *People v. Smith*, 420 Mich. 1, 17-19; 360 N.W.2d 841 (1984). A defendant has standing "to challenge a search or seizure if, under the totality of the circumstances, he has a subjective expectation of privacy in the object of the search or seizure and the expectation of privacy is one that society is prepared to recognize as reasonable." *Zahn*, 234 Mich. App. at 446.

Sindone testified that she purchased the trailer herself and Defendant's name was not on the deed, the contract, the landlord tenant agreement, or anything associated with the property. She also testified that Defendant was not allowed inside the trailer, but at some point, without her permission, he made a copy of her key. Defendant admitted that he was not personally involved in the purchase of the trailer, did not live at the trailer, and his name was not on any of the utility bills. Because Defendant did not own the trailer or have any legal right to enter the property, he did not have a reasonable expectation of privacy in the trailer and therefore, he does not have standing to challenge the search and seizure of items from the trailer. Accordingly, defense counsel was not ineffective by failing to raise a meritless argument. *See Ericksen*, 288 Mich. App. at 201.

*Sindone*, 2019 WL 1574747, at *3-4 (footnote omitted).

To establish ineffective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must demonstrate that considering all of

8

the circumstances counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id* at 687. A reviewing court, is directed to presume that counsel's challenged conduct fell within the wide range of reasonable professional assistance. *Id*. at 689. Second, the defendant must show that his counsel's deficient performance prejudiced his defense. *Id*. at 687. To do so, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Clearly established Supreme Court law holds that "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see also Richardson v. Palmer*, 941 F.3d 838, 857 (6th Cir. 2019). Petitioner's ineffective assistance claim therefore requires consideration of the merits of Petitioner's underlying Fourth Amendment claim and, to the extent that Petitioner's Fourth Amendment claim lacks merit, his ineffective assistance claim necessarily fails.

The Michigan Court of Appeals found that the underlying claim was meritless because Petitioner did not have standing to raise it. The holding was based on the

established Supreme Court principle that a criminal defendant may only challenge the legality of a search under the Fourth Amendment where he has a "legitimate expectation of privacy" in the property searched. *Katz v. United States*, 389 U.S. 347 (1967). A family member or house guest, in appropriate circumstances, may have a legitimate expectation of privacy in someone else's house. *See, e.g., Minnesota v. Carter*, 525 U.S. 83, 89 (1998); *Minnesota v. Olson*, 495 U.S. 91, 98 (1990). But a legitimate expectation of privacy does not attach to every visitor of a home. *Carter*, 525 U.S. at 90 (citing *Rakas v. Illinois*, 439 U.S. 128 (1978)).

Not surprisingly, trespassers do not have a reasonable expectation of privacy when they occupy property without permission. *See United States v. Washington*, 573 F.3d 279, 284 (6th Cir. 2009) ("By definition, trespassers cannot have an objectively reasonable expectation of privacy in the property on which they are trespassing.") (citing *United States v. McRae*, 156 F.3d 708, 711 (6th Cir. 1998)); *See also United States v. Hunyady*, 409 F.3d 297, 302-03 (6th Cir. 2005).

Here, the victim testified that Petitioner copied the key to her trailer without her permission, and though she requested him to do so, he refused to destroy it. (ECF No. 8-8, at 40-41.) She testified that Petitioner had no possessory interest in her trailer, he did not have permission to be there, and that he had never previously visited or stayed at the trailer. (*Id.* at 10-11, 17, 36.) The record therefore reasonably supports the conclusion of the state appellate court that Petitioner did not have

standing to contest the warrantless search of the victim's trailer. Counsel was not ineffective for failing to raise a meritless claim. *See Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008).

B.

Petitioner next asserts that insufficient evidence was presented at trial to sustain his convictions because the prosecutor did not prove beyond a reasonable doubt that the structure involved in the fire was a dwelling.

The Michigan Court of Appeals rejected the claim on the merits as follows:

> Defendant challenges his convictions on grounds that the prosecution failed to prove beyond a reasonable doubt that the trailer at issue is a "dwelling"; therefore, the prosecution failed to prove each and every element of second-degree arson and preparation to burn a dwelling pursuant to MICH. COMP. LAWS § 750.73(1) and MICH. COMP. LAWS § 750.79(1)(d)(vi), respectively. Defendant contends that the trailer was dilapidated and uninhabitable. We disagree.

> This Court reviews de novo a challenge to the sufficiency of the evidence. *People v. Mayhew*, 236 Mich. App. 112, 124 (1999). "When reviewing a claim of insufficient evidence following a bench trial, this Court must review the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v. Hutner*, 209 Mich. App. 280, 282 (1995). It is the role of the fact-finder, rather than this Court, to determine the weight of the evidence and the credibility of witnesses. *People v. Lee*, 243 Mich. App. 163, 167 (2000). "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *People v. Henderson*, 306 Mich. App. 1, 9; 854 N.W.2d 234 (2014). This Court resolves any evidentiary conflicts in favor of the prosecution. *Id*.

To be guilty of second-degree arson, the prosecution must prove beyond a reasonable doubt that a defendant "willfully or maliciously burne[d], damage[d], or destroye[d] by fire or explosive a dwelling, regardless of whether it [was] occupied, unoccupied, or vacant at the time of the fire or explosion, or its contents." MICH. COMP. LAWS § 750.73(1). With respect to preparation to burn a dwelling, MICH. COMP. LAWS § 750.79 provides in pertinent part:

> (1) A person who uses, arranges, places, devises, or distributes an inflammable, combustible, or explosive material, liquid, or substance or any device in or near a building, structure, other real property, or personal property with the intent to commit arson in any degree or who aids, counsels, induces, persuades, or procures another to do so is guilty of a crime as follows:
>
> * * *
>
> (d) If any of the following apply, the person is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $ 15,000.00 or 3 times the combined value of the property damaged or destroyed, whichever is greater, or both imprisonment and a fine:
>
> * * *
>
> (vi) The property is a dwelling. This subparagraph applies regardless of whether the person owns the dwelling.

MICH. COMP. LAWS § 750.71(d), which is applicable to the offenses at issue, defines a "dwelling" as including, but not limited to "any building, structure, vehicle, watercraft, or trailer adapted for human habitation that was actually lived in or reasonably could have been lived in at the time of the fire or explosion and any building or structure that is within the curtilage of that dwelling or that is appurtenant to or connected to that dwelling."

Sufficient evidence supports a finding that Sindone's trailer constitutes a dwelling within the meaning of section 750.71(d). The prosecution presented ample evidence that Sindone had been living in the trailer for approximately one month when the fire occurred. Sindone testified that she purchased the trailer on November 29, 2016,

12

in order to move out of the family home and remove herself from the marriage with Defendant. She spent the night in the trailer between the time of its purchase and the night of the fire. She ate meals in the trailer. She kept her clothing, her children's clothing, Christmas decorations, shovels, and bedding at the trailer. There was a couch in the living room, a working bathroom, and three bedrooms. She also had water and electricity hooked up to the residence, both of which were working on the night of the fire.

Laurie Stasa, Defendant's mother, testified that Sindone lived in the trailer. Woodhaven Police Sergeant Nick Grunwald testified that he observed an air mattress and bedding inside the trailer. Defendant also testified that he slept on an air mattress in Sindone's bedroom inside the trailer on December 24, 2016. While there was evidence that the trailer needed repairs and lacked a functioning kitchen, the prosecution presented sufficient evidence that it was "adapted for human habitation" and that Sindone "actually lived in or reasonably could have" lived in the trailer at the time of the fire. *See* § 750.71(d). Accordingly, the prosecution presented sufficient evidence that Sindone's trailer constituted a dwelling for purposes of second-degree arson and preparation to burn a dwelling.

*Sindone*, 2019 WL 1574747, at *1-2 (footnotes omitted).

Under clearly established Supreme Court law, the standard governing Petitioner's sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under AEDPA, moreover, a habeas court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018), because *Jackson* claims are "subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650,

651 (2012) (per curiam). First, it is the responsibility of the jury to decide what conclusions should be drawn from the evidence admitted at trial. *Johnson*, 566 U.S. at 651 (citing *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)). "And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.* (quoting *Smith*, 565 U.S. at 2); *see also Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017) (stating that "two layers of deference apply [to a sufficiency-of-the-evidence claim], one to the jury verdict, and one to the state appellate court").

The state court reasonably rejected the claim. Petitioner points to the fact that the trailer did not have a functioning kitchen and needed extensive repairs to support his claim that it was not habitable and therefore did not constitute a "dwelling." But the victim testified that she, in fact, used the trailer as a dwelling. Petitioner's mother likewise testified that the victim lived at the trailer. The victim stayed overnight at the trailer, she had the utilities turned on, she had an air mattress and bedding in the bedroom, and she had moved some of her and her children's personal belongings to the trailer.

Michigan law defines a dwelling as including, "any ... trailer adapted for human habitation that was actually lived in or reasonably could have been lived in

at the time of the fire or explosion...." MICH. COMP. LAWS § 750.71(d). Viewed

most favorably to the prosecution, the evidence presented at trial indicated that the

victim adapted the trailer for human habitation despite the needed repairs, and that

she actually lived at the trailer at the time of the fire. The rejection of the claim by

the state court therefore did not unreasonably apply the clearly established Supreme

court standard.

C.

Petitioner's third claim asserts that his convictions for both second-degree

arson and preparation to burn a dwelling violate the Double Jeopardy Clause.

After reciting the controlling Supreme Court standard governing Double

Jeopardy claims involving multiple punishments for the same conduct, the Michigan

Court of Appeals rejected the claim as follows:

> In the instant case, the trial court convicted Defendant of second-degree arson, MICH. COMP. LAWS § 750.73, and preparation to burn a dwelling, MICH. COMP. LAWS § 750.79(1)(d)(vi). A person is guilty of second degree arson if he or she: 1) willfully or maliciously 2) burns, damages, or destroys by fire or explosive; 3) a dwelling or its contents. MICH. COMP. LAWS § 750.73(1). A person is guilty of preparation to burn a dwelling if he or she: 1) uses, arranges, places, devises, or distributes, 2) an inflammable, combustible, or explosive material, liquid, or substance or any device, 3) in or near a dwelling, 4) with the intent to commit arson in any degree. MICH. COMP. LAWS § 750.79(1)(d)(vi). Each crime "requires proof of a fact that the other does not." *Nutt*, 469 Mich. at 576, quoting *Iannelli*, 420 U.S. at 785 n. 17. Second-degree arson requires the prosecution to prove that a defendant actually burned, damaged, or destroyed a dwelling by fire or explosive, whereas preparation to burn a building has no such element. Preparation to burn a dwelling only requires that the defendant used,

15

arranged, placed, devised, or distributed something that could have caused arson near a dwelling with the intent to cause arson. MICH. COMP. LAWS § 750.79(1)(d)(vi). Nothing in the plain language of MICH. COMP. LAWS § 750.79(1)(d)(vi) requires a defendant to burn, damage, or destroy the dwelling, and nothing in the plain language of MICH. COMP. LAWS § 750.74(1) requires a defendant to undertake any specific preparations for burning the dwelling. Because each statute requires proof of an element that the other does not, the *Blockburger* test is satisfied, thus revealing the Legislature's intent that multiple punishments for the same criminal transaction do not violate the prohibition against double jeopardy. In short, Defendant's convictions of second-degree arson and preparation to burn a dwelling do not violate double jeopardy.

*Sindone*, 2019 WL 1574747, at *5 (footnote omitted).

The Double Jeopardy Clause prohibits multiple criminal punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498-99 (1984). But the Double Jeopardy Clause is not violated if the state legislature intended to impose cumulative punishments when the same conduct violates two separate statutes. *See Volpe v. Trim*, 708 F.3d 688, 696-97 (6th Cir. 2013) (citing *Johnson*, 467 U.S. at 499 n.8). If the state legislature intended to allow for multiple punishments in this context, there is no double jeopardy violation. *Johnson*, 467 U.S at 499 n.8. In making this determination, a federal court must defer to the Michigan court's determination of the state legislature's intent. *Volpe*, 708 F.3d at 697.

The Michigan Court of Appeals found here that the Michigan Legislature did, in fact, intend to allow for multiple punishments for conduct that violated Petitioner's two statutes of conviction, and the state court is the final expositor of its

own laws. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Because the state court found that the Michigan Legislature intended to impose multiple punishments for these offenses, this "court's inquiry is at an end" and there was no double jeopardy violation. *Johnson*, 467 U.S at 499, n.8. Petitioner's third claim is therefore without merit.

## D.

Petitioner's fourth claim asserts that the trial court incorrectly scored the sentencing guidelines. Specifically, he asserts that he was erroneously assessed offense variable points for use of an incendiary device and for psychological injury to the victim. The Michigan Court of Appeals found that the scoring of these two offense variables was correct. *Sindone*, 2019 WL 1574747, at *5-7.

Petitioner's assertion that the state courts erred in interpreting and applying the Michigan sentencing guidelines is not cognizable on federal habeas review because it asserts a violation of state law. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner has "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867

(E.D. Mich. 2009).  Accordingly, the claim is not cognizable and cannot form the basis for granting habeas relief.

E.

Petitioner's final claim asserts that he was denied the effective assistance of counsel when counsel failed to adequately contest whether the victim's trailer constituted a "dwelling" under Michigan law and because he failed to hire an expert on arson.

The Michigan Court of Appeals found that the first allegation was without merit in light of its earlier determination that the trailer constituted a dwelling, and it rejected the second allegation as follows:

> Defendant also argues that defense counsel was ineffective because she failed to utilize an arson investigator to present evidence that Defendant did not intentionally start the fire, despite the trial court's appointment of an arson investigator on behalf of Defendant. However, Defendant fails to meet his burden of establishing a factual predicate to support his claim. *See People v. Douglas*, 496 Mich. 557, 5937 (2014), citing *People v. Hoag*, 460 Mich. 1, 6 (1999).  Defendant does not provide an affidavit indicating what an arson investigator's testimony would have been. Nor does he explain how an arson investigator would have shown definitively that the fire was accidental. Chief Clark testified that samples taken from Sindone's trailer did not indicate that accelerant was used to start the fire and that the cause of ignition was undetermined.  Sergeant Grunwald also testified that he did not know what was used to start the fire.  Presumably, defense counsel made the strategic decision not to use an arson investigator because the prosecution's evidence was consistent with the defense theory that Defendant accidentally started the fire. Accordingly, Defendant fails to demonstrate that defense counsel was ineffective on this ground.

18

*Sindone*, 2019 WL 1574747, at *3 (footnote omitted).

The state court decision reasonably applied the clearly established *Strickland* standard. With respect to the first allegation, the state court determined that the victim's trailer constituted a dwelling under state law. As discussed above, determinations of state law made by the state court are not reviewable here. Habeas relief may not be granted with respect to an ineffective assistance of counsel claim when doing so would require a determination that the state court erred in interpreting its own law. *See Davis v. Straub*, 430 F.3d 281, 290-91 (6th Cir. 2005).

With respect to the second allegation, the state court noted that Petitioner had proffered no evidence as to how an arson expert would have testified in his favor. The state court's rejection of the claim on account of Petitioner's lack of proffered evidentiary support was consistent with the Supreme Court's recognition that "the absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Burt v. Titlow*, 571 U. S. 12, 23 (2013) (internal quotation marks and brackets omitted)." The claim was reasonably rejected by the state court.

IV.

Because none of Petitioner's claims merit relief the petition will be denied. Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P.

22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  The Court finds that reasonable jurists would not debate the resolution of any of Petitioner's claims.  The Court will therefore deny a certificate of appealability.

Finally, Petitioner is not entitled to permission to appeal in forma pauperis because any appeal of this decision would be frivolous.  28 U.S.C. § 1915(a)(3).

V

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 8, 2026

20

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 8, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan             

Case Manager
