UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. SINDONE,

                          Petitioner,                  Case No. 2:23-cv-12254
                                                     Hon. Linda V. Parker

v.

GARY MINIARD,

                          Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF UNDER RULE 59(e)

This matter is before the Court on petitioner Christopher L. Sindone's "motion for relief under Federal Rule Civil Procedure 59(e)."  (ECF No. 11.)  On January 8, 2026, the Court issued an opinion and order denying Sindone's 28 U.S.C. § 2254 habeas corpus petition and denying a certificate of appealability.  (ECF No. 9.)  Sindone's motion seeks a certificate of appealability with respect to his first and third habeas claims.[1]

The Court's decision to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary.  *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).  A motion to alter or amend judgment will generally be

---

[1] Petitioner's first habeas claim is that the evidence presented at trial was the product of an illegal search.  His third claim involves double jeopardy allegations.

1

granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008) (additional quotation omitted)).

Sindone asserts that he is entitled to a certificate of appealability with respect to his first and third habeas claims. With respect to Sindone's first claim, the Court explained in its opinion denying the petition why the claim was without merit. Specifically, the Court noted that Sindone's Fourth Amendment claim was not cognizable under *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). As for the related ineffective assistance of counsel claim, the Court found that the state court reasonably rejected it because Sindone had no reasonable expectation of privacy in his estranged wife's trailer that he broke into and set on fire.

With respect to Sindone's third claim, the Court noted that the state court determined that the Michigan Legislature intended for Defendants to receive multiple punishments for second-degree arson and preparation to burn arising out of the same incident. The Court therefore explained to Sindone that the state court's

2

conclusion precluded this Court from finding that his rights were violated under the Double Jeopardy Clause.

To be entitled to a certificate of appealability, Sindone must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Sindone's motion, at bottom, simply restates the arguments he presented in his habeas petition. Those arguments have already been rejected by the Court, and there is nothing new presented in Sindone's motion indicating that reasonable jurists might debate the Court's resolution of the claims.

Sindone has identified the fact that one Michigan Court of Appeals judge dissented with respect to his Double Jeopardy claim. (*See* ECF 8-15, PageID.1631-32.) Sindone asserts that the dissenting judge is a reasonable jurist who disagreed about whether the claim was meritorious; he therefore argues that a certificate of appealability is warranted on that basis.

An analysis concerning whether the Michigan Legislature intended multiple punishments for second-degree arson and preparation to burn is a reasonably debatable question of state law. But once that predicate question has been answered by the state courts, even over dissent, a federal court is bound by that state-law

3

determination. *See Ohio v. Johnson*, 467 U.S. 493, 499, n. 8 (1984); *see also Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013). The state court's binding determination of state law means that Sindone's double jeopardy claim is not reasonably debatable.

Sindone has not shown that the Court erred in denying a certificate of appealability with respect to these claims.

**IT IS HEREBY ORDERED** that Petitioner's motion to alter or amend judgment is therefore **DENIED**.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 20, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 20, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
